UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONALD TUTTLE** | : | **DOCKET NO. 2:22-cv-1052**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the Court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Ronald Tuttle, who is proceeding *pro se* and *in forma pauperis* in this matter. Tuttle has been released from the custody of the Federal Bureau of Prisons (BOP), where he was incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO). He currently resides in Elmira, New York. Doc. 1. This matter has been referred to the undersigned under 28 U.S.C. § 636 and the standing orders of the court for initial review.

## I.
### BACKGROUND

Plaintiff claims that he was not given credit for time spent incarcerated from January 5, 2015 – February 2, 2015, in Youngstown, Ohio. Doc. 1, p. He has since been released from custody but asks this Court to award monetary damages for each day he was "falsely incarcerated" at FCIO and held past his alleged release date due to the BOP's incorrect sentence computation. *Id*.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Tuttle has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *FTCA*

Under the FTCA, the United States has consented to be sued for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This limited waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Johnson v. United States*, 2000 U.S. Dist. LEXIS 9815, 2000 WL 968795, *2 (D. Kan. June 27, 2000)(*citing Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). "Courts must strictly construe all waivers of the federal government's sovereign

immunity and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States,* 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Village*, Inc., 112 S. Ct. 1011 (1992)).

The United States enjoys immunity from all suits under the doctrine of sovereign immunity, unless expressly waived by a statute. See *United States v. Mitchell*, 103 S.Ct. 2961, 2964 (1983). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.,* is one such statute. It authorizes private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has "interpret[ed] these words to mean what they say, namely, that the United States waives sovereign immunity 'under circumstances' where local law would make a 'private person' liable in tort." *United States v. Olson*, 126 S.Ct. 510, 511 (2005). The FTCA also contains various statutory exceptions to the waiver of sovereign immunity. *See* generally 28 U.S.C. § 2680.

### C. Application

As relevant to this case, section 2680(h) excludes from the FTCA's immunity waiver "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id*. at § 2680(h). Within that exclusion though, there lies an exception. The FTCA provides that, [W]ith regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. 28 U.S.C. § 2680(h). Put more simply, "the government's sovereign immunity is [ ] waived if the challenged conduct is

committed by an 'investigative or law enforcement officer.' " *Ford v. Mitchell*, 890 F. Supp. 2d 24, 34–35 (D.D.C. 2012). The FTCA defines an "investigative or law enforcement officer" to mean "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). The BOP employees responsible for the calculation of Plaintiff's sentence do not qualify as "investigative or law enforcement officers of the United States." *Buzzanca v. District of Columbia*, 523 F.Supp. 3d 64, 69 (D.D.C. 2021). The court in *Buzzanca* agreed with the respondent United States' assertion in that matter that the "[Designation and Sentence Computation] employees are not authorized to conduct searches or seize evidence," and "although BOP employees do have some limited arrest authority[,]" that authority is limited and "plainly inapplicable to BOP office staff at the DSCC. *Id*.

Next, to the extent that Plaintiff argues that his claim against the United States is one of negligence, for which the United States has waived sovereign immunity in the FTCA, based on BOP's alleged failure to take reasonable care in calculating his release date, that claim fails. Courts making the "private person" inquiry in similar cases have uniformly held that "'[t]he authority to detain other persons and determine the length of their sentences ... has no private analogue.'" *Buzzanca, supra*, 523 F.Supp. 3d at 69 (quoting *Adeboye v. United States*, No. 19- cv-3089 (DLF), 2020 WL 5231323, at *2 (D.D.C. Sept. 1, 2020) (quoting Portillo v. United States, No. 17-cv-394 (JAD), 2018 WL 523363, at *3 (D. Nev. Jan. 22, 2018)); *see also Ojo v. United States*, No. 16-cv-4112 (MKB), 2020 WL 828076, at *14 (E.D.N.Y. Feb. 20, 2020) (finding BOP employees' alleged negligence in following the "federal law and regulation and internal agency policy governing the calculation of federal inmates' release dates lack[ed] a private analogue").

Because Tuttle's claim against the United States lacks a private analogue, it is not one for which the United States has waived its sovereign immunity in the FTCA.

Finally, as to any potential claim that his over-detention claim does have a private analogue, the tort of false imprisonment, the FTCA explicitly exempts the tort of false imprisonment from its general waiver of sovereign immunity. *Adeboye, supra,* at *8 (relying on 28 U.S.C. § 2680(h). For this reason, courts have consistently held that the FTCA does not waive sovereign immunity for over-detention claims like Tuttle's. *See Adeobye, supra;* see also *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016); see also *Stoddard v. Wynn,* 68 F. Supp. 3d 104, 115 (D.D.C. 2014) (dismissing improper detention claim because "[c]laims for false imprisonment and all claims 'arising out of' false imprisonment, though labeled something else, are not actionable"); *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006), 470 F.3d at 809 (holding that plaintiff could not "sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence"). "If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred." *Snow-Erlin*, 470 F.3d at 808 (*citing Sheehan v. United States*, 896 F.2d 1168, 1171 (9th Cir. 1990)). In light of that established principle, Tuttle's over-detention claim cannot proceed under the FTCA.

### III.
### CONCLUSION

Accordingly,

For the reasons set forth above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**.

-6-

THUS DONE AND SIGNED in Chambers this 16th day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE